# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **THEODORE R. MOORE** | **CIVIL ACTION NO. 09-1437** |
| **VS.** | **SECTION P** |
| | **CHIEF JUDGE JAMES** |
| **JOSEPH DEWES** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Theodore R. Moore, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 5, 2009.  Plaintiff is a pre-trial detainee in custody at the Ouachita Parish Corrections Center, Monroe, Louisiana. He complains that a fellow inmate, one  Joseph Dews[1], falsely accused him of being in possession of a shank.[2] Plaintiff sues Dews and prays for an opportunity to prove that Dews's allegations are false. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

---

[1] Joseph Shane Dews, age 28, in an inmate in the custody of the Louisiana Department of Public Safety and Corrections; he is incarcerated at the OPCC. See VineLink, On Line Inmate Locator Service at: https://www.vinelink.com/vinelink/searchResultsAction.do?searchType=offender&siteId=19000&searchWhere=state&doc=900&agency=2&id=&lastName=dews&firstName=joseph&dob=&ageRange=0&methodToCall=search

[2] A shank is a sharpened instrument used as a weapon in prison. See *U.S. v. Bibb*, 336 Fed. Appx. 364, at 365 (4th Cir. 2009).

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* on a complaint filed pursuant to

42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of

process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.1915(e)(2);

*Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).  A claim is frivolous if it lacks an arguable basis

in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504

U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A civil rights complaint fails to state a

claim upon which relief can be granted if  it appears that no relief could be granted under any set

of facts that could be proven consistent with the allegations of the complaint. Of course, in

making this determination, the court must assume that all of the plaintiff's factual allegations are

true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint

as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116,

1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given

broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a

plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A.*

*(Unknown) Badge No. 153*, 23 F.3d at 97.

### 2. State Actors

To prevail on a civil rights claim an inmate must prove that he was deprived, under color

of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42

U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). Under the "color of

law" requirement, the defendants in a § 1983 action must have committed the complained-of acts

in the course of their performance of duties and have misused power that they possessed by

virtue of state law and made possible only because the wrongdoer is clothed with the authority of

state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S.

91, 110 (1944)(plurality opinion). Plaintiff sues a fellow OPCC inmate named Joseph Dews.

Plaintiff has not shown, nor can he show, that Mr. Dews was a state actor or that he was acting

under color of law at the time he falsely accused plaintiff of being in possession of a weapon.

Accordingly

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE**  as frivolous pursuant to the provisions of  28 U.S.C. §§1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court.  A party may

respond to another party's objections within fourteen (14) days after being served with a copy

thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In chambers, Monroe, Louisiana, December 16, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE